REGAL SHOE COMPANY, Plaintiff, *v.* " JOHN " DOYLE, Individually and as President, et al., Defendants.

Supreme Court, Special Term, Kings County, January 12, 1943.

*Samuel Franklin, John E. Stone* and *Seymour Flaster* for plaintiff.

*Leon Reich* for defendants.

SMITH, J. Following an election heretofore conducted by the State Labor Relations Board, two specified C. I. O. unions were certified as the sole collective bargaining agents for the workers employed in plaintiff's stores. In June, 1941, the plaintiff and the latter unions entered into a closed-shop labor contract. It appears that plaintiff has fully complied with all the provisions of the agreement, no controversy having arisen relative thereto. Two of plaintiff's stores, however, have been subjected to picketing by an affiliate of the American Federation of Labor. Plaintiff seeks herein the issuance of a permanent injunction restraining the continuance of such picketing. The proof satisfactorily establishes that the picketing has been initiated, significantly, not for the purpose of effectuating an improvement of conditions under which plaintiff's employees work or to secure their pro-

tection from any labor abuse, but simply in reprisal for the fact that one of the C. I. O. unions itself has picketed certain stores owned by a third party (Florsheim Shoe Stores), which, in turn, has a closed-shop agreement with an affiliate of the American Federation of Labor. Defendants may not successfully utilize the provisions of section 876-a of the Civil Practice Act as a basis upon which to justify the acts here complained of. The picketing, conceived merely in the spirit of retaliation, obviously is wholly unrelated to the attainment of a *bona fide* labor objective.

Judgment is, therefore, rendered in plaintiff's favor.